UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM JACKSON,

    Plaintiff,

v.                                Case No: 8:21-cv-1855-KKM-AEP

BAYCARE HEALTH SYSTEMS, INC.,

    Defendant.
_____

## ORDER

Defendant BayCare Health Systems, Inc. moves to dismiss (Doc. 15) Count I of Plaintiff William Jackson's Complaint, (Doc. 1). Given the lack of response from Jackson, the Court treats BayCare's motion to dismiss as unopposed. *See* Local Rule 3.01(c). The Court grants BayCare's motion because the Complaint fails to state a claim for retaliation and, alternatively, because it constitutes an impermissible shotgun pleading.

Count I is styled as a "race discrimination" claim under Title VII but also includes the word "retaliation" without including factual allegations to support a retaliation claim under Title VII. (Doc. 1 at 8–9.) If Jackson intends to state a claim for retaliation, he must allege facts to support that (1) he engaged in protected activity under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the

protected activity and the adverse employment action. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Alternatively, even if Jackson had pleaded enough facts to support a retaliation claim, Count I would still constitute a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (identifying one type of shotgun pleading as a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"). Here, the Complaint fails to separate each claim for relief into a different count because Count I ostensibly includes both a race discrimination claim under Title VII and a claim for retaliation under Title VII. (Doc. 1 at 8–9.)

Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. 15) is **GRANTED**.

2. Plaintiff may file an amended complaint by **February 2, 2022**, in which Plaintiff may either replead his discrimination and retaliation claims in separate counts or replead the discrimination claim by itself. If Plaintiff fails to file an amended complaint, the case will proceed on Count II alone.

**ORDERED** in Tampa, Florida, on January 24, 2022.

Kathryn Kimball Mizelle
United States District Judge

2